RECEIVED IN
COURT OF CRIMINAL APPEALS

March 31, 2015

ABEL ACOSTA, CLERK

CAUSE NO._____

IN THE

COURT OF CRIMINAL APPEALS

FOR THE

STATE OF TEXAS

---

**RUBEN HEREDIA**

VS.

**THE STATE OF TEXAS**

---

**PETITION FOR DISCRETIONARY REVIEW FOR RUBEN HEREDIA**

> STEVE A. KEATHLEY
> State Bar No. 00787812
>
> KEATHLEY & KEATHLEY
> 412 West 3rd Avenue
> Corsicana, Texas 75110
> Telephone: (903) 872-4244
> Telecopier: (903) 872-4102
> Attorney for Ruben Heredia

# TABLE OF CONTENTS

|  | Page |
|---|---|
| Table of Contents .............................................................. | 2 |
| Index of Authorities.......................................................... | 3 |
| Statement Regarding Oral Argument ................................. | 4 |
| Statement of the Case...................................................... | 4 |
| Statement of Procedural History ......................................... | 5 |
| Ground for Review ............................................................ | 5 |
| Argument........................................................................... | 5 |
| Prayer................................................................................ | 10 |
| Certificate of Service......................................................... | 10 |
| Appendix ........................................................................... | 11 |

# INDEX OF AUTHORITIES

<u>CASES</u>                                                                 Page

***Bishop v. State***, 869 S.W. 2d. 342, 345 (Tex. Crim. App. 1993) ......... 8

***Douthitt v. State***, 931 S.W. 2d 244 (Tex. Crim. App. 1996) .............. 6

***Joseph v. State***, 309 S.W. 3rd 20 (Tex. Crim. App.)........................... 6

***Montgomery v. State***, 810 S.W. S.W. 2d 372 (Tex. Crim. App 1990) ...... 8-9

***Rhode Island v. Innis***, 446 U.S. 291 (1980)................................... 6

***Stansberry v. California***, 511 U.S. 318, (1994) .............................. 6

***United States v. Mendenhall*** 446 U.S. 544, 544 (1980) ..................... 6

## U.S. CONSTITUTION & STATUTES

Article 38.22 of the Texas Code of Criminal Procedure ..................... 5

Texas Rules of Evidence 401 ................................................. 8

Texas Rules of Evidence 404(b) ............................................. 7-8

Texas Rules of Evidence 403 ................................................ 8

## PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

COMES NOW, RUBEN HEREDIA, Petitioner in this cause, by and through his attorney, Steve A. Keathley, and files his petition for discretionary review. Pursuant to this request we Would respectfully show the Court the following:

## STATEMENT REGARDING ORAL ARGUMENT

Oral Argument is not requested on behalf of Heredia.

## STATEMENT OF THE CASE

The Appellant was charged by a Navarro County Grand Jury with the crime of Possession of a Controlled Substance over 4 grams and under 200 grams. The Appellant was tried in the 13th Judicial District Court of Navarro County. The trial commenced on November 4th 2013. On November 6th after trial testimony the jury returned a verdict of guilty. The court recessed for the preparation of a presentence investigation, and on November 27, 2014 the District Court reconvened the case, heard testimony from friends and family of the Appellant. It thereafter sentenced the Appellant to sixty years (60) in the Texas Department of Criminal Justice.

The Appellant filed a timely notice of appeal however that Appeal was denied by the 10th Court of Appeals by written opinion on March 5, 2015. Hence follows this Petition for Discoretionary Review.

## STATEMENT OF PROCEDURAL HISTORY

The date of the opinion of the 10th Court of Appeals was March 5, 2015. No motion for rehearing was filed.

## GROUND FOR REVIEW

1. *Did the Trial Court commit error when it denied the Appellant's Motion to Suppress Statements of the Appellant and allowed various statements of the Appellant to be introduced at trial;*

    *(1)    in violation of Article 38.22 of the Code of Criminal Procedure? and...*

    *(2)    in violation of the Texas Rules of Evidence Rules 401, 404(b) and 403 and the rules prohibiting the introduction of an extraneous offense to be introduced before the jury?*

## ARGUMENT

### A.    Violation of 38.22 of the Texas Rules of Criminal Procedure

Article 38.22 of the Texas Code of Criminal Procedure states in part:

*Section 3. (a) no oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless:*

*(1) An electronic recording, …………………….. is made of the statement;*

*(2) Prior to the statement but during the recording, the accused is given the warning in Subsection (a) of Section 2 [advised of right to have attorney], above and the accused knowingly, and voluntarily waives any rights set out in the warning;*

An encounter between officers and an individual has been determined to

be nonconsensual or custodial only if a reasonable person would believe he or she was not free to leave under those circumstances of that encounter. ***United States v. Mendenhall*** 446 U.S. 544, 544 (1980) and ***Stansberry v. California***, 511 U.S. 318, (1994), ***Douthitt v. State***, 931 S.W. 2d 244 (Tex. Crim. App. 1996). Questions or comments by an officer to a suspect will be considered an interrogation if the questions are intended to illicit an incrimination response. ***Rhode Island v. Innis***, 446 U.S. 291 (1980).

Furthermore, it is important that the person in fact does waive his rights. Courts have held that an express waiver of the rights is not necessarily required under Article 38.22 or the *Miranda* warnings, and a totality of circumstances indicating that the Defendant did wish to waive his rights were sufficient. ***Joseph v. State***, 309 S.W. 3rd 20 (Tex. Crim. App.).

The present case is distinguishable from ***Joseph.*** It, it is clear that the question posed to the Appellant under the circumstances of the encounter with the Trooper were made during a custodial interrogation of the Appellant. The Appellant was in a vehicle that had been pulled over for a traffic stop, a warrant on the Appellant was discovered and he was in custody. He was not free to leave and thereafter was questioned by law enforcement

After a review of State's Exhibits, where the Appellant is asked by the Trooper if he wished to waive his rights, he states, "*No*".

Therefore, the Appellant did not give up his 5th Amendments rights under the United States and Texas Constitutions or meeting the full requirements of 38.22 of the C.C.P. He was nevertheless questioned further; therefore every statement of the Appellant thereafter should have not been introduced to the jury.

Wherefore, the Trial Court erred in overruling the Appellant's objection to introduction

of statements; specifically the statements made in the out-of-the-jury- presence hearing on the motion to suppress, as well as at trial.    This Honorable Court should grant Review for that purpose.

### B.    Introduction of Extraneous Offenses

In addition to the forgoing argument, the introduction of the variety of extraneous offenses and matters.

They were:

[reference to] **"warrant of arrest"** *of Appellant*

**"Cocaine Sales"**

| | |
|---|---|
| *"found shit"* | *Appellant's words* |
| *"used cocaine"* | *Appellant's words* |
| *"[police are] white trash"* | *Appellant's words* |
| *Boyfriend paid" (for dope)* | *Appellant's words* |
| **The price of cocaine** | |
| **The purchase of cocaine** | |

The introduction of these extraneous offenses were improper and the Court should have sustained the Appellant's objection and disallowed its introduction by the State on that ground as well.

In pertinent parts, Rule 404(b) of the Texas Rules of Evidence states as follows:

*"Other Crimes, Wrongs, or Acts.  Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in*

*conformity therewith. It may however be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, or plan, knowledge, identity, or absence of mistake or accident, provided upon timely request by the accused, - reasonable notice given in advance of trial of the intent to introduce in the State's case in chief such evidence other than that arising in the same transaction."*

Rule 401 states as follows:

*"Relevant Evidence means having any tendency to make existence of any fact that is of consequence to the termination of the actual more probable or less probable than it would be without the evidence."*

Rule 403 stats as follows:

*"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or considerations of undue delay, or needless presentation of cumulative evidence."*

An action does not have to be an actual crime for the Rules of Evidence to apply. ***Bishop v. State***, 869 S.W. 2d. 342, 345 (Tex. Crim. App. 1993). In ***Bishop***, the Court of Criminal Appeals concluded that evidence of certain sexual acts was at minimum evidence of extraneous acts and found that analysis under Rule 404(b) and 403 was permissible. In that case, the Court held that such testimony was prejudicial and greatly outweighed any probative value, and should not have been admitted at trial. ***Id. at 346.***

***Montgomery v. State***, 810 S.W. S.W. 2d 372 (Tex. Crim. App 1990), remains the standard case for definition and guidance on the introduction of extraneous offenses, requiring a showing of proof and relevance to a court prior to introduction before a jury. In that case, the Court held that, among other matters, the extraneous conduct must be proven beyond a reasonable doubt to the trial court in a gate-keeping hearing outside the presence of the jury; and the Court must find that the extraneous allegations to be relevant before they can be introduced.

In the Appellant's case, such introduction of the Petitioner's statements that he had previously used cocaine on another occasion, that he called the police "White Trash", that he had a warrant for his arrest, and that he discussed the general price and sales of cocaine was irrelevant, and prejudicial. This case deals with the accusation that the Appellant possessed an amount of cocaine. The introduction of matters extraneous, particularly the allegation that the Appellant had a (1) *"warrant of arrest"* was not relevant to the matter at hand. Neither was the statement made by the Appellant that (2) *the [police are] white trash."* This statement, showing nothing but an inappropriate term, is also not relevant and prejudicial.

Therefore, the allowance of this evidence acts to harm the Appellant for a crime for which he was not on trial for in this proceeding, in a matter that is not relevant and violates the tenants of ***Montgomery*** and the Rules of Evidence 401, 404(b) and Rule 403.

Wherefore, the Trial Court committed error when it allowed the statement over the objections of the Appellant for these grounds, as well as the grounds made earlier in this brief. This Honorable Court of Criminal Appeals should grant review on this issue. as well.

## PRAYER

For the reasons cited in this brief, the Petitioner respectfully prays that this Court grant discretionary review.

Respectfully submitted,

KEATHLEY & KEATHLEY
Attorneys At Law
412 West 3rd Avenue
Corsicana, Texas 75110
Telephone: (903) 872-4244
Telecopier: (903) 872-4102

BY:

STEVE A. KEATHLEY
Attorney for Ruben Heredia
State Bar No. 00787812

## CERTIFICATE OF SERVICE

I, Steve Keathley, hereby certify that a true and correct copy of the foregoing has been delivered to Mr. Lowell Thompson, District Attorney on this March 30, 2015 .

_____
STEVE A. KEATHLEY

# APPENDIX



## IN THE
## TENTH COURT OF APPEALS

### No. 10-14-00014-CR

**RUBEN HEREDIA,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

**From the County Court**
**Navarro County, Texas**
**Trial Court No. C34853-CR**

## ORDER

Ruben Heredia was convicted of possession of a controlled substance, cocaine, and sentenced to 60 years in prison. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2010). His appeal was abated so that the trial court could prepare findings of fact and conclusions of law regarding whether Heredia's statements were voluntary and specifically whether Heredia made a knowing, intelligent, and voluntary waiver of the rights set out in Article 22 of the Texas Code of Criminal Procedure.

The trial court's findings of fact and conclusions of law have been filed.

Accordingly, this appeal is reinstated.

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal reinstated
Order issued and filed February 12, 2015

